UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SHAWN STUBBS, } | |
| } | |
| Plaintiff, } | |
| } | |
| v. } | Case No.: 2:18-cv-00913-RDP |
| } | |
| REV GROUP, INC., et al., } | |
| } | |
| Defendants. } | |
| } | |

## MEMORANDUM OPINION

This matter is before the court on Defendants' motion to dismiss for lack of personal jurisdiction. (Doc. # 13). After careful consideration, and for the reasons explained below, the court concludes the motion is due to be granted.

**I.    Factual and Procedural Background**

This case arises out of injuries sustained by Plaintiff Shawn Stubbs in 2016 when she fell from the deck of a recreational "camper" vehicle while on vacation in Florida. (Doc. # 7 at ¶¶ 17-20). Plaintiff sued REV Group, Inc. and REV Renegade (formerly KIBBI LLC) for her injuries in federal court in Alabama, claiming the companies negligently manufactured the camper. (*Id.* at ¶¶ 27). She also asserted various products liability and breach of warranty claims against the companies. (*Id.* at ¶¶ 21-47). Defendants moved to dismiss for lack of personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(2); (Doc. # 13). In response, Plaintiffs requested jurisdictional discovery to establish Defendants' contacts with Alabama. (Doc. # 17). The court granted that request. (Doc. # 20). Following the completion of jurisdictional discovery, Plaintiff renewed her opposition to Defendants' motion to dismiss and filed documents that she claims

establish the existence of personal jurisdiction over Defendants. (Doc. # 26). Defendants have also filed evidence in support of their motion to dismiss. (Doc. # 13-1).

The following facts are undisputed for purposes of Defendants' motion to dismiss. REV Group is a Delaware corporation with its principal place of business in Wisconsin. (Doc. # 13-1 at ¶ 3). It is a holding company and does not design, manufacture, assemble, furnish, sell, or distribute campers. (*Id.* at ¶ 4). REV Renegade is a limited liability company organized in Delaware with its principal place of business in Indiana. (Doc. # 13-2 at ¶ 3). REV Renegade sells campers through dealers located around the country. (Docs. # 13 at 3; 28 at 3-4). Plaintiff purchased her Renegade camper at a dealership in Missouri and was injured when she fell from the camper's deck while on vacation in Florida. (Docs. # 7 at ¶¶ 18-19; 26-4 at 2).

## II. Standard of Review

Under Federal Rule of Civil Procedure 12(b)(2), "[a] plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009). After the defendant challenges jurisdiction with affidavit evidence in support of its position, "the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction unless [the defendant's] affidavits contain only conclusory assertions that the defendant is not subject to jurisdiction." *Meier* ex rel. *Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002). If, however, "the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff." *Id.*

### III. Analysis

"A federal district court in [Alabama] may exercise personal jurisdiction over a nonresident defendant to the same extent that [an Alabama] court may, so long as the exercise is consistent with federal due process requirements." *Licciardello v. Lovelady*, 544 F.3d 1280, 1283 (11th Cir. 2008). Under its long-arm statute, "Alabama permits its courts to exercise jurisdiction over nonresidents to the fullest extent allowed under the Due Process Clause of the Fourteenth Amendment to the Constitution." *Ruiz de Molina v. Merritt & Furman Ins. Agency, Inc.*, 207 F.3d 1351, 1355-56 (11th Cir. 2000) (citing *Martin v. Robbins*, 628 So.2d 614, 617 (Ala. 1993)); *see also* Ala. R. Civ. P. 4.2 (permitting jurisdiction over nonresident defendants on any basis "not inconsistent with the constitution of this state or the Constitution of the United States"). Thus, this court may exercise personal jurisdiction over a defendant so long as jurisdiction is consistent with federal due process principles.

The Supreme Court has recognized two types of personal jurisdiction that are consistent with the Fourteenth Amendment's Due Process Clause—general jurisdiction and specific jurisdiction. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923-24 (2011). A defendant subject to general jurisdiction in a forum may be sued in that forum on any and all claims against it, even if the claims have no connection to the forum. *Id.* at 919. By contrast, a court has specific jurisdiction over a defendant only with respect claims that arise out of or relate to the defendant's contacts with the forum. *Id.* at 923-24. In this case, Plaintiff has established neither general nor specific jurisdiction over Defendants.

#### A. Plaintiff Has Not Established General Jurisdiction Over Defendants

For general jurisdiction to exist, the defendant's "affiliations with the State" must be "so continuous and systematic as to render [it] essentially at home in the forum State." *Daimler AG*

*v. Bauman*, 571 U.S. 117, 127 (2014) (internal quotation marks omitted). Thus, individuals are subject to general jurisdiction in the forum where they are domiciled, and corporations are subject to general jurisdiction where they are incorporated and where they have their principal place of business. *Id.* at 137. And because "the reasoning of *Daimler* applies with equal force" to LLCs as corporations, LLCs are subject to general jurisdiction in the state of their formation and where they have their principal place of business. *Finn v. Great Plains Lending, LLC*, No. CV 15-4658, 2016 WL 705242, at *3 (E.D. Pa. Feb. 23, 2016).

Here, it is undisputed that neither REV Group nor REV Renegade has their place of formation or principal place of business in Alabama. (Doc. # 7 at ¶¶ 2-3). Though *Daimler* left open the possibility that "in an exceptional case" a business's "operations in a forum other than its formal place of incorporation or principal place of business may be so substantial" as to support general jurisdiction in that forum, no facts in this case support such an "exceptional" finding. *Daimler*, 571 U.S. at 139 n.19. Accordingly, Plaintiff has failed to establish general jurisdiction over either defendant.

### B. Plaintiff Has Not Established Specific Jurisdiction Over Defendants

The Eleventh Circuit follows a three-part test to determine whether specific jurisdiction over a defendant is proper. *See Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1355 (11th Cir. 2013). First, the plaintiff's claims must "arise out of or relate to at least one of the defendant's contacts with the forum." *Id.* (internal quotation marks omitted). Second, the nonresident defendant must have "purposefully availed himself of the privilege of conducting activities within the forum state." *Id.* (internal quotation marks omitted). Finally, if the plaintiff establishes the first two prongs, the defendant may still avoid jurisdiction by making "a

compelling case that the exercise of jurisdiction would violate traditional notions of fair play and substantial justice." *Id.* (internal quotation marks omitted).

Here, Plaintiff has failed to establish the first element of the Eleventh Circuit's specific-jurisdiction test with respect to both defendants. Because neither REV Group nor REV Renegade has contacts with Alabama that relate to Plaintiff's claims, the court lacks personal jurisdiction over both of them.

As to the holding company, REV Group, Plaintiff has identified *no* Alabama contacts whatsoever. Defendants, by contrast, have submitted the affidavit of REV Group's Vice President of Risk Management, which states that (1) REV Group does not design, manufacture, assemble, furnish, sell, or distribute campers; (2) REV Group is not qualified to conduct business in Alabama and in fact does not conduct business in Alabama; and (3) REV Group does not advertise through television, print, or radio in Alabama. (Doc. # 13-1 at ¶¶ 2-6). Because REV Group has submitted affidavit evidence challenging personal jurisdiction over it, the burden "shift[ed] back to [Plaintiff] to produce evidence supporting jurisdiction." *Meier*, 288 F.3d at 1269. Here, Plaintiff has offered none, and REV Group's motion to dismiss for lack of personal jurisdiction is therefore due to be granted.

Plaintiff has identified two distinct "contacts" between REV Renegade and Alabama, but they are insufficient to support specific jurisdiction over REV Renegade. First, Plaintiff points to REV Renegade's sale of two new recreational vehicles into Alabama in 2014. The RVs were ordered in 2014 by an RV dealer in Montgomery, Alabama and sold there to Alabama residents. (Doc. # 26-1). REV Renegade provided warranties to the dealer in Montgomery and entered into arbitration agreements to settle any warranty disputes regarding those two RVs. (Doc. # 26-2). The buyer of one of those RVs in fact made a warranty claim, and REV Renegade processed the

claim at its principal place of business in Indiana before mailing a check back to the dealer in Montgomery. (Doc. # 26-3). But critically, as Plaintiff herself admits, "neither of these RVs" are the subject of this lawsuit. (Doc. # 26 at 4). Indeed, Plaintiff did not even buy her camper from the dealer in Montgomery; rather, she bought it from a dealer in Missouri in 2016. (Doc. # 26-4 at 2). Because Plaintiff's claims do not "arise out of or relate to" REV Renegade's 2014 contacts with Alabama (relating to the two RVs sold to the Montgomery dealer), those contacts cannot support specific jurisdiction over REV Renegade for the claims asserted in this lawsuit. *Louis Vuitton*, 736 F.3d at 1355.

Second, Plaintiff claims specific jurisdiction over REV Renegade is proper because her Alabama residence was listed on the Missouri dealership's bill of sale when she purchased her Renegade camper in 2016. (Doc. # 26-4 at 2). As Plaintiff explains, the bill of sale "shows the subject RV was sold to an Alabama resident who would store and use the RV in Alabama." (Doc. # 26 at 4). But the fact that Plaintiff's address was listed on her bill of sale from the Missouri dealership cannot establish specific jurisdiction over REV Renegade in Alabama for at least two reasons.

First, even if the bill of sale shows the *Missouri dealer* knew the RV was being sold to an Alabama resident, it does not show that *REV Renegade* knew the RV would be sold into Alabama. Indeed, it would be odd for REV Renegade to assume that RVs it sold to a Missouri dealer would be purchased by residents of Alabama, a non-contiguous state to Missouri. This is especially true since the authorized Renegade dealer closest to Alabama was in Tennessee. (Docs. # 26 at 4; 26-4 at 3).

Second, and in any event, even if the Missouri dealer's knowledge of Plaintiff's Alabama residence could be imputed to REV Renegade, that knowledge alone could not support specific

jurisdiction over REV Renegade in Alabama. As the Supreme Court has explained, a defendant's out-of-state conduct directed at plaintiffs with known connections to the forum state does not render the defendant subject to jurisdiction in the forum state. *Walden v. Fiore*, 571 U.S. 277, 289 (2014). In *Walden*, the Supreme Court expressly rejected the lower court's conclusion that a defendant's "knowledge of [the plaintiffs'] strong forum connections" was sufficient to establish the constitutionally required minimum contacts with a forum. *Id.* (internal quotation marks omitted). Instead, the Court held that the defendant's "actions in Georgia did not create sufficient contacts with Nevada simply because he allegedly directed his conduct at plaintiffs whom he knew had Nevada connections." *Id.* Likewise here, even if REV Renegade could be said to have sold its camper to Plaintiff in Missouri knowing of Plaintiff's Alabama connections (and, to be clear, on this record that cannot be said), that would not be sufficient to subject REV Renegade to specific jurisdiction in Alabama.

Specific jurisdiction in Alabama must be based on REV Renegade's "own contacts" with Alabama. *Id.* It cannot be based on the "unilateral activity" of a third party, such as Plaintiff's decision to take the camper she purchased in Missouri back to her home state of Alabama. *Id.* at 291. Because Plaintiff has failed to show that REV Renegade has any contacts with Alabama related to her claims in this lawsuit, REV Renegade's motion to dismiss for lack of personal jurisdiction is due to be granted.

## IV. Conclusion

For the reasons explained above, Defendants' motion to dismiss for lack of personal jurisdiction (Doc. # 13) is due to be granted. An Order consistent with this Memorandum Opinion will be entered.

DONE and ORDERED this December 10, 2018.

_____
R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE